NO. 07-08-0028-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 20, 2008
_____

MICHAEL STEPHENSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY;

NO. F-2007-1782-C; HON. L. DEE SHIPMAN, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Michael Stephenson was convicted of possessing methamphetamine with intent to deliver. He pled guilty to the offense after the trial court denied his motion to suppress. On appeal, he challenges the denial of his motion. We affirm the judgment.

*Background*

On June 17, 2007, law enforcement officers arrested Chad Hammonds at the Motel 6 in Lewisville, Texas, for possessing drugs. The officers asked Hammonds if he would

notify his dealer and set up a buy. Hammonds agreed to do so and twice phoned an individual he called "Mike" (later identified as appellant) around 1 a.m. The calls were recorded, and the language used comported with that often expressed by those arranging a drug deal, according to the deputies overhearing it. Furthermore, Mike not only agreed to come to the room designated by Hammonds (room 309) at the Motel 6 but also stated that he would be there in about 30 to 45 minutes. When asked for a description of Mike, Hammonds described him as an average white male who would be driving a black Mustang.

Around 2:00 a.m. (or 15 minutes after the estimated time at which the dealer was to arrive), an officer observed a black Mustang circle the motel once and then park. A white male (appellant) exited the vehicle and entered the motel. This information was relayed to other deputies located across from room 309. Those deputies had seen no one else moving about or walking the hallway until they noticed appellant through a peep hole. They also witnessed him stop in front of the door to room 309, hesitate, act as if he were trying to hear noise from the room, and then look up and down the hall. At that point, two deputies entered the hallway and arrested appellant. They then searched him and found methamphetamine.

*Applicable Law*

We review the trial court's ruling on a motion to suppress by affording great deference to its interpretation of historical facts. *Ford v. State,* 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). This deference encompasses both the trial court's authority to assess the credibility of the witnesses and the authority to disbelieve or believe controverted testimony. *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Like deference,

2

however, is not afforded to the trial court's application or interpretation of the law. *Ford v. State,* 158 S.W.3d at 493.

Next, that an officer needs probable cause to effectuate an arrest is undisputed. However, probable cause does not equate to certainty. Instead, the totality of the circumstances must be enough to lead a reasonable officer to conclude, with "a fair probability," that the suspect is or has been engaged in criminal activity. *Parker v. State*, 206 S.W.3d 593, 599 (Tex. Crim. App. 2006). And, we conclude that the applicable standard was met here.

Appellant speaks much about what is missing, such as an in depth description of "Mike," or "Mike" actually knocking on the door of room 309, or the officers seeing contraband before arresting him, or Hammonds identifying the suspect as "Mike" before making the arrest. While presence of those indicia no doubt would have helped, we are limited to addressing the dispute solely in relation to the evidence within the appellate record, and that evidence illustrates that the arresting officers knew 1) a drug dealer had just arranged to buy more drugs from his source for they instigated it, 2) the approximate time and exact place at which it was to transpire, 3) the type and color of vehicle the seller would be driving, 4) the suspect's gender and race, and 5) other people were not up and about when and where the deal was to occur. So too did they see a male of the specified gender and race appear at the locale, in a vehicle matching the requisite type and color, approximately at the expected time. That individual, who happened to be appellant, was then seen to approach the specified motel room, pause, listen, and look around while in front of the room's door. There is no evidence that anyone other than appellant happened to have appeared in a black Mustang at the place and time where and when the drug deal

3

was to be consummated. Nor is there evidence of anyone else engaging in furtive gestures while standing in front of the exact room in which the deal was to occur and at about the time it was to happen.

The foregoing combination of event, gender, race, car, time, place, and gesture was enough to provide the trial court with the "beacon" spoken of in *Parker*. *Parker v. State*, 206 S.W.3d at 596-97. And, that beacon was bright enough to allow a reasonable officer to view appellant, with fair probability, as the expected drug dealer coming to make a delivery per his agreement with Hammonds. And, to the extent that the deputies were seeing the crime unfold before them, they need not have secured an arrest warrant prior to making an arrest. This is so because a warrant is unnecessary when the crime occurs in the officer's presence. TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005); *Alvarado v. State,* 894 S.W.2d 869, 872-73 (Tex. App.–El Paso 1995, pet. ref'd).

Accordingly, we overrule appellant's issue, and affirm the judgment.


Brian Quinn
Chief Justice


Publish.