

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-0161-CR
_____

JERRY DON WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 63,916-A, Honorable Dan Schaap, Presiding

March 5, 2013

OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Jerry Don Williams, appeals his conviction for possession of a controlled substance in a drug free zone. His three issues involve the trial court's denial of his motion to suppress, its refusal to submit an article 38.23 instruction, and the sufficiency of the evidence underlying the drug free zone finding. We affirm.

## Background

Appellant was arrested after driving a third party (Quinton) to a local motel. Quinton went there to consummate a drug transaction with a police informant, Battle. The latter had engaged in several prior transactions with Quinton per the request of the local police. This current transaction was to result in Quinton's arrest, however, and a number of police officers and squad cars were waiting in and around the motel to effectuate it.

After meeting with Quinton in the parking lot of the motel, Battle began to return to a motel room. Quinton followed. At that point, several officers exited another room to make the arrest. Around this time, appellant hurriedly drove from the lot. Officers gave chase, saw him run a stop sign, and then succeeded in arresting him in a restaurant parking lot. Furthermore, one officer found drugs inside the vehicle and within "plain-view."

The State prosecuted appellant for possessing the drugs found in his car. And, it was his possession of those drugs which resulted in his conviction.

## Issue One – Motion to Suppress

Appellant initially contends that the officers lacked probable cause to arrest him immediately after the stop. We disagree and overrule the issue.

The pertinent standard of review (which we follow here) is discussed in opinions such as *Ford v. State,* 158 S.W.3d 488 (Tex. Crim. App. 2005) and *State v. Ross,* 32 S.W.3d 853 (Tex. Crim. App. 2000). Next, it is quite true that an officer needs probable cause to believe a crime occurred to arrest a suspect. Probable cause does not mean certainty or beyond reasonable doubt, however. *Stephenson v. State*, 280 S.W.3d 402,

404 (Tex. App.–Amarillo 2008, no pet.). Instead, the totality of the circumstances need only be enough to allow a reasonable officer to conclude, with "a fair probability," that the suspect is or has been engaged in criminal activity. *Parker v. State*, 206 S.W.3d 593, 599 (Tex. Crim. App. 2006). To reiterate, the subjective beliefs of the officers involved are not controlling. *Hall v. State*, 74 S.W.3d 521, 526 n.6 (Tex. App.–Amarillo 2002, no pet.). Rather, the pertinent viewpoint is objective and whether the circumstances suffice to illustrate probable cause depends on whether a reasonable officer encountering them could reasonably infer that there is a fair probability that the suspect is or has engaged in criminal activity.

Finally, the pertinent indicia assessed are those within the collective knowledge of the officers involved. *Campbell v. State,* 325 S.W.3d 223, 231 (Tex. App.–Fort Worth 2010, no pet.). The sole policeman making the arrest need not alone be aware of articulable facts sufficient to establish probable cause. The arrest may still be legitimate if he acted upon information or directives from one or more officers witnessing criminal activity, for instance. *State v. Woodard*, 341 S.W.3d 404, 412 (Tex. Crim. App. 2011).

Here, the trial court had before it evidence that the officers collectively knew 1) their informant just arranged to buy drugs from his source, 2) the time and place of the sale, 3) the type and color of vehicle in which the seller would be arriving, and 4) the suspect's gender and race. So too did they 1) see a male driving a vehicle that matched the suspect's vehicle at the time the transaction was to occur, 2) watch as the suspected drug dealer got out of the vehicle, and 3) observe the driver of the vehicle speed away when the officers moved to effectuate the arrest and then run a stop sign in effort to escape. Effort to escape evinces a consciousness of guilt, which in turn is

evidence of culpability. *Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994); *Wachholtz v. State*, 296 S.W.3d 855, 859 (Tex. App.–Amarillo 2009, pet. ref'd). Coupling that with appellant's presence at the crime scene while driving the car from which the drug dealer exited after talking to the drug buyer allowed a reasonable officer to believe, with fair probability, that appellant was a party to the drug deal. And, to the extent that the deputies were seeing the crime unfold before them, they need not have secured an arrest warrant prior to making the arrest. TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2005) (stating that an arrest warrant is unnecessary when the crime occurs in the officer's presence); *Alvarado v. State,* 894 S.W.2d 869, 872-73 (Tex. App.–El Paso 1995, pet. ref'd).

### *Issue Two – 38.23 Jury Instruction*

Next, appellant asserts that the trial court erred in denying his request for an article 38.23 instruction because there was a factual dispute regarding the legitimacy of the arrest. This is, he told the trial court "that there was no probable cause for the arrest leading then to the location of the contraband." We overrule the issue.

Article 38.23(a) of the Texas Code of Criminal Procedure states that:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).

4

To trigger the need for an instruction, however, there must be a genuine dispute about a material fact essential to deciding the lawfulness of the challenged conduct that resulted in the discovery of the evidence. *See Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). If no such dispute of material fact exists, then there is no need to provide the instruction. Finally, if other undisputed material facts support the lawfulness of the challenged conduct, then the disputed facts are considered immaterial to the ultimate admissibility of the evidence. *See id.*

Here, appellant testified that he had no intent to engage in a drug transaction with Quinton. So too did he testify that he began to leave the parking space at the local motel before seeing police exit the motel room. But, he did not deny attempting to "run" or hurrying away from the motel lot; nor did he deny running a stop sign (though he did say he failed to see it). This left a reasonable officer witnessing the undisputed circumstances of appellant 1) driving to the location of a drug transaction in a car matching the description of the vehicle carrying the drug dealer, 2) giving the individual making the sale a ride to the locale, 3) perfecting his escape from the motel parking lot around the time the officers were making themselves known, 4) driving in a hurried manner, and 5) running a stop sign while trying to leave the scene. Those undisputed facts were still enough to legitimize appellant's arrest. So, while some other facts may have been in dispute, they were not material to establishing probable cause from the perspective of a reasonable officer viewing the totality of the circumstances.

### Issue Three – Drug Free Zone

Finally, appellant contends that the evidence was insufficient to support a finding that the offense occurred in a drug free zone, in this case, a school. We overrule the issue.

The Court of Criminal Appeals held in *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997) that "sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Id.* at 240. The court in *Young v. State*, 14 S.W.3d 748 (Tex. Crim. App. 2000) applied *Malik's* principles to the affirmative findings necessary to sustain the imposition of an enhanced punishment. *Id.* at 750. We were told that "the sufficiency of the evidence in this context [that is, determining whether the State proved the enhancement allegation] should be measured by the elements of the hypothetically correct jury charge for the enhancement, as defined by statute." *Id.*

Here, the State indicted appellant for possessing cocaine in a drug free zone, that is, "within 1000 feet of the premises of a *private youth center*." (Emphasis added). The jury charge not only defined the term "youth center" but also informed the jurors, via the application paragraph, to answer the "special issue 'True'" if they concluded beyond reasonable doubt that appellant committed the offense "in, on or within one thousand feet of the premises of a *youth center, namely, All American Gymnasium School....*" (Emphasis added). However, the special issue given the jurors asked them to determine if the offense was committed "in, on or within one thousand feet of the premises of a *school."* (Emphasis added). To that inquiry, the jury answered "True." According to appellant, a school and a youth center are two different establishments

6

and there was no evidence that the offense occurred within 1000 feet of a "school," as opposed to a youth center.[1]

It is true that the terms school and youth center have facially different definitions under the Texas Health and Safety Code. The former is described as "a private or public elementary or secondary school or day-care center, as defined by Section 42.002, Human Resources Code." TEX. HEALTH & SAFETY CODE ANN. § 481.134(a)(5) (West Supp. 2012). The latter is described as "any recreational facility or gymnasium that: . . . is intended primarily for use by persons who are 17 years of age or younger; and . . . regularly provides athletic, civic, or cultural activities." *Id.* § 481.134(a)(7).

Per *Young* then, the hypothetically correct jury charge obligates us to compare the evidence of record against a charge that referred to "youth center" in both the charge itself (as it actually did) and special issue. And, since some evidence illustrated that appellant possessed drugs within 1000 feet of a *youth center*, a rational juror could have found, beyond a reasonable doubt, that the State proved the enhancement allegation. So, the finding does not lack sufficient evidentiary support.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Publish.

---

[1]Appellant does not argue that the situation denied him fair notice of what he was being tried.

7