

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00033-CR

**JESSE DANIEL SABEDRA, III,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 220th District Court
### Hamilton County, Texas
### Trial Court No. CR-08024

## MEMORANDUM OPINION

Jesse Daniel Sabedra, III, was convicted of delivery of a controlled substance in a drug free zone and sentenced to 30 years in prison. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (West 2010). Because the evidence is sufficient to support the drug-free zone enhancement, but the trial court erred in the assessment of certain costs, the trial court's judgment is modified and affirmed as modified.

**SUFFICIENCY OF DRUG-FREE ZONE EVIDENCE**

Sabedra was arrested following a drug purchase by an informant for the Hamilton County Sheriff's Office. The arrest occurred within 1,000 feet of a school's property. In his first issue, Sabedra contends the evidence was insufficient to show that the offense was committed within a drug free zone because the State failed to prove that the property was owned, leased, or rented by the Hamilton Independent School District.

*Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting

inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

To determine whether the State has met its burden under *Jackson*, we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence admitted on the record at trial before the factfinder. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014); *see Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge need not, however, incorporate allegations that would give rise to only immaterial variances. *See Geick v. State*, 349 S.W.3d 542, 545 (Tex. Crim. App. 2011). Immaterial variances do not affect the validity of a criminal conviction. *Thomas*, 444 S.W.3d at 9. The Court of Criminal Appeals has applied *Malik*'s principles to drug-free-zone enhancements. *See Young v. State*, 14 S.W.3d 748 (Tex. Crim. App. 2000); *Williams v. State*, 440 S.W.3d 717, 721 (Tex. App.—Amarillo 2013, pet. ref'd); *Haagensen v. State*, 346 S.W.3d 758, 761 (Tex. App.—Texarkana 2011, no pet.).

*Argument*

Sabedra complains that the State never proved the offense took place within 1,000 feet of property owned, leased, or rented by the Hamilton Independent School District. However, like the victim's name in the offense of injury to an elderly individual, the name, "Hamilton Independent School District," is not a statutory element in the drug-free zone enhancement. *See Fuller v. State*, 73 S.W.3d 250, 252-253 (Tex. Crim. App. 2002). Further, there is no indication in the record that Sabedra was surprised by the proof at trial, and the "variance" between the indictment and the proof does not subject him to a another prosecution for the same offense. *See id*. at 254. The name Hamilton Independent School Distrust is simply an immaterial variance that does not affect the validity of the conviction. Thus, following the principles in *Malik*, a hypothetically correct jury charge for the drug free zone enhancement to the offense in this case would only require the State to prove that (1) the offense (2) was committed (3) within 1,000 feet of any real property that is owned, rented, or leased to (4) a school or school board.

*Application*

In this case, the investigator with the Hamilton County Sheriff's Office testified that the delivery of the drugs occurred within 1,000 feet of property owned by "the school." This testimony is sufficient to support the drug-free zone enhancement allegation under a hypothetically correct jury charge. Sabedra's first issue is overruled.

## COSTS

In his second and third issues, Sabedra contends the trial court erred in assessing certain costs against him because the costs are not statutorily authorized. Specifically, Sabedra challenges the court's assessment of $133.00 for "copies/search" and $5.00 for "Criminal-Co. Drug Court Fee."

Only statutorily authorized court costs may be assessed against a criminal defendant. *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Although there is statutory authorization for a $133.00 felony conviction fee and for a $60.00 drug conviction fee,[1] we have not found statutory authorization for a copies/search fee in the amount of $133.00 or for a criminal county drug court fee in the amount of $5.00. Accordingly, Sabedra's second and third issues are sustained, and the trial court's judgment is modified to delete the $133.00 "copies/search fee" and the $5.00 "Criminal-Co. Drug Court Fee."

## JUDGMENT

In his final issue, Sabedra contends the trial court's judgment is incorrect and must be modified to reflect the sections of the Texas Health and Safety Code of which he was found to have been convicted. It is true that we have the authority to reform incorrect judgments when we have the necessary data and information to do so. *See Banks v. State,*

---

[1] TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West 2008); TEX. CODE CRIM. PROC. ANN. art. 102.0178 (West 2006).

708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).  However, this judgment is not incorrect.

As the Code of Criminal Procedure requires, the judgment accurately reflects that Sabedra was convicted of the offense of Delivery of a Controlled Substance, Penalty Group 1, less than One Gram, in a Drug-Free Zone.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, Sec. 1(13) (West 2006) ("The judgment shall reflect...the offense or offenses for which the defendant is convicted."). The Code does not require the statutory code provisions or every nuance of the statutory code provisions also be reflected in the judgment.  *White v. State*, No. 10-15-00146-CR, 2015 Tex. App. LEXIS 8523, at *2 (Tex. App.—Waco Aug. 13, 2015, no pet.) (not designated for publication).  The fact that the Health and Safety Code provision cited along with the name of the offense in this particular judgment only refers to the subsection regarding the punishment if an offense is committed within a drug-free zone does not make the judgment in need of correction. *Id*.  Accordingly, Sabedra's fourth issue is overruled.[2]

---

[2] As we have said before, rather than an appeal, we note that a more efficient manner of making this type of change may be a motion for modification or motion for judgment nunc pro tunc, depending on the timing of the discovery of the issues, filed in the trial court.  *Kerr v. State*, No. 10-15-00113-CR, 2016 Tex. App. LEXIS 12082, at *2 n.3 (Tex. App.—Waco Nov. 9, 2016, no pet.) (not designated for publication).

**CONCLUSION**

Having sustained Sabedra's second and third issues, we modify the trial court's

judgment and affirm the judgment as modified.


                                        TOM GRAY
                                        Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Modified and affirmed as modified
Opinion delivered and filed March 15, 2017
Do not publish
[CRPM]

