Stephen Patrick SMITH, Appellant

v.

The STATE of Texas, Appellee

No. 07-16-00387-CR

Court of Appeals of Texas, Amarillo.

October 11, 2017

Joel Cook, for appellant.

John L. Owen, for The State.

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

## OPINION

Brian Quinn, Chief Justice

Stephen Patrick Smith (appellant) appeals his conviction for possessing a controlled substance with intent to deliver. Through two issues, he contends that the trial court erred by failing to 1) suppress evidence garnered as a result of a purportedly illegitimate traffic stop and 2) instruct the jury on whether his confession was voluntarily given. We affirm.

*Motion to Suppress*

The pertinent standard of review is expressed in *Morales-Acosta v. State*, No. 07-15-00321-CR, 2017 WL 3723372 at *1-2, 2017 Tex. App. LEXIS 8274 at *3-4 (Tex. App.—Amarillo Aug. 29, 2017, no pet.) (mem. op., not designated for publication). We apply it here, and it requires us to uphold the trial court's decision on any proper ground, irrespective of whether the trial court relied on it. *Perez v. State*, No. 07-99-00436-CR, 2001 Tex. App. LEXIS 2788, at *6 (Tex. App.—Amarillo Apr. 27, 2001, no pet.) (not designated for publication).

 Furthermore, in assessing whether an officer had legitimate basis to detain, we view the totality of the circumstances surrounding the stop. They must be sufficient to enable a reasonable officer to conclude, with a fair probability, that the suspect is or has been engaged in criminal activity. *Williams v. State*, 440 S.W.3d 717, 719-20 (Tex. App.—Amarillo 2013, pet. ref'd). The subjective beliefs of the officer making the stop do not control. *Id.* Instead, the viewpoint utilized is objective. *Id.* It is that of a reasonable officer witnessing the circumstances and whether such an officer could reasonably infer from them a fair probability of criminal activity on the part of the suspect. *Id.* We also note that the circumstances to be considered are not simply those perceived by the officer who detained the suspect. They include information within the collective knowledge of the officers involved. *Id.* So, an arrest remains legitimate if made upon the directive of one or more officers having articulable facts sufficient to create reasonable suspicion or probable cause. *Id.*

The record at bar indicates that the officer (Newton) who stopped appellant did so on the basis of information garnered from another officer (Rolan). That is, he was told that appellant failed to properly signal his intent to exit I-40. Rolan imparted this information to Newton after personally seeing the alleged infraction. Yet, appellant argues before us that no rule or traffic regulation required someone to signal before exiting an interstate, and, therefore, the stop lacked lawful basis. This contention or ground for suppressing the evidence was not asserted below, however. Instead, other reasons were urged by appellant as basis for granting his motion to suppress. Consequently, the ground being urged now was lost. In other words, the grounds urged below do not comport with those urged on appeal, and that effectively waives the latter as basis for reversal. *Ayala v. State*, No. 07-16-00411-CR, 2017

WL 3611617 at *1-2, 2017 Tex. App. LEX-IS 7650 at *2-3 (Tex. App.—Amarillo Aug. 10, 2017, no pet. h.) (mem. op., not designated for publication) (holding that appellant did not preserve his complaint for review because the grounds raised on appeal did not comport with those urged to the trial court as justifying suppression).

*Articles 38.22 and 38.23 Jury Instructions*

■ Next, appellant asserts that the trial court erred in denying his requests for jury instructions under articles 38.22 and 38.23 of the Texas Code of Criminal Procedure. The instructions sought pertained to the voluntariness of his confessions.[1] We overrule the issue.

Per article 38.22, § 6 of the Code of Criminal Procedure:

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion ... along with the specific finding of facts upon which the conclusion was based.... Upon the finding by the judge as a matter of law and fact that the statement was voluntarily made, evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof. In any case where a motion to suppress the statement has been filed and evidence has been submitted to the court on this issue, the court within its discretion may reconsider such evidence in his finding that the statement was voluntarily made and the same evidence submitted to the court at the hearing on the motion to suppress shall be made a part of the record the same as if it were being presented at the time of trial. However, the state or the defendant shall be entitled to present any new evidence on the issue of the voluntariness of the statement prior to the court's final ruling and order stating its findings.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West Supp. 2016). In turn, article 38.23(a) provides that:

> [n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was

1. Counsel for appellant requested an article 38.23 instruction on whether the initial stop of appellant at Rolan's direction was lawful. He argued that a material issue of fact arose relating to whether he actually signaled his intent to leave the interstate. This particular debate was alluded to in appellant's brief. Yet, he also wrote that "because resolution of the traffic stop appears to be purely a question of law, it would seem the issue would not have been for the jury to resolve." Our reading of his brief also failed to uncover any substantive analysis on whether appellant was entitled to an instruction encompassing the initial stop. These circumstances lead us to conclude that the issue of whether the trial court erred in refusing to provide an article 38.23 instruction encompassing the stop is not actually before us.

obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

*Id.* art. 38.23(a) (West 2005). As can be seen, both involve 1) the admission of evidence implicitly adverse to the accused, 2) the authority of the jury to disregard that evidence under certain circumstances, and 3) the duty of the trial court to instruct the jury about that authority. When the latter duty arises, though, differs from statute to statute, and we address it in relationship to article 38.23 first.

■ There are three elements to obtaining the instruction under article 38.23. The first mandates that the evidence heard by the jury must raise an issue of fact, while the second and third require that the evidence on that fact issue be affirmatively contested, and the issue be material to the lawfulness of the conduct used in obtaining the evidence. *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); *Gonzales v. State*, No. 07-16-00281-CR, 2017 WL 1292010 at *3-4, 2017 Tex. App. LEXIS 3073 at *9-10 (Tex. App.—Amarillo Apr. 6, 2017, pet. ref'd) (mem. op., not designated for publication). If no dispute of material fact exists, then there is no need to provide the instruction. And, if other undisputed material facts support the lawfulness of the challenged conduct, then the disputed facts are considered immaterial to the ultimate admissibility of the evidence. *Madden*, 242 S.W.3d at 510-11.

■ On the other hand, the duty to submit an article 38.22, § 6 instruction arises when a reasonable jury, viewing the totality of the circumstances, could have found that the accused's statement was involuntary. *Vasquez v. State*, 225 S.W.3d 541, 544-45 (Tex. Crim. App. 2007); *Renteria v. State*, No. 13-15-00574-CR, 2017 WL 3304449, at *2-3, 2017 Tex. App. LEXIS 7376 at *6-7 (Tex. App.—Corpus Christi Aug. 3, 2017, no pet.) (mem. op., not designated for publication). Unlike the requisites of article 38.23, the defendant's entitlement to an article 38.22, § 6 instruction is not dependent upon the presence of a material factual dispute but rather the presence of evidence enabling a jury to deem the confession involuntary. *Vasquez*, 225 S.W.3d at 544-45. The type of evidence that may be indicative of potential involuntariness includes such things as intoxication, *Leza v. State*, 351 S.W.3d 344, 352-53 (Tex. Crim. App. 2011), or sickness, youth, medication, mental incapacitation, or other disabilities affecting the accused's mind. *Robertson v. State*, No. 14-15-00132-CR, 2017 WL 124431 at *3-4, 2017 Tex. App. LEXIS 248 at *9 (Tex. App.—Houston [14th Dist.] Jan. 12, 2017, no pet.) (mem. op., not designated for publication). Whatever the evidence may be, though, the trial court must view it in a light most favorable to granting the instruction. *Contreras v. State*, 312 S.W.3d 566, 576 (Tex. Crim. App. 2010). The same would be no less true for an instruction under article 38.23.

■ Though article 38.22, § 6 does not require a factual dispute, there nonetheless are other prerequisites. That is, a sequence of events must occur to trigger the trial court's duty to instruct. They consist of 1) a party notifying the trial judge of or the trial judge noticing *sua sponte* an issue about the voluntariness of the confession; 2) the judge conducting a hearing outside the presence of the jury on the issue; 3) the judge deciding whether the confession was voluntary; 4) if the confession is deemed voluntary, it being admitted into evidence at trial; and 5) the jury hearing evidence suggesting that the confession was actually involuntary. *Oursbourn v. State*, 259 S.W.3d 159, 175 (Tex. Crim. App. 2008). These events were called "a chain of other requirements" that come

into play leading to the obligation to instruct the jury. *Id.* And being "requirements," they must take place before the obligation to instruct the jury arises. *Accord Landor v. State*, No. AP-76,328, 2011 WL 13213988, at *15, 2011 Tex. Crim. App. Unpub. LEXIS 492, at *52 (Tex. Crim. App. June 29, 2011) (not designated for publication) (stating that "[t]o be entitled to a voluntariness instruction under Article 38.22, § 6, a defendant must have litigated a voluntariness issue before the trial judge (e.g. in a motion to suppress hearing)"); *Little v. State*, No. 04-14-00618-CR, 2015 WL 5838082 at *2-3, 2015 Tex. App. LEXIS 10360 at *6 (Tex. App.—San Antonio Oct. 7, 2015, no pet.) (mem. op., not designated for publication) (stating that "the question of whether the pain from the sores on Little's legs rendered his confession involuntary was never raised because Little never notified the trial court of the issue . . . [b]ecause the question was never raised, the sequence of events contemplated by section 6, culminating in the right to a jury instruction, was never triggered. Therefore, Little was not entitled to an article 38.22, § 6 jury instruction").

With the foregoing in mind, we turn to the issue at hand. There appears evidence of record that appellant was a heroin addict, sweating, and "sick" while being interrogated at the detention center. Other evidence describes the size of the room in which his questioning was conducted, the interview's duration, and lack of refreshments being offered to him. And, nothing of record purports to indicate he was Mirandized before that interrogation began, despite being Mirandized when initially arrested. These circumstances certainly place into play the voluntariness of appellant's confession and appellant used them

to suggest his inculpatory statements were involuntarily uttered. But, we find no evidence affirmatively contesting them. Nor did appellant cite us to evidence of record contesting them. No one said or indicated that appellant was not sick, was not an addict, he was not sweating, the interrogation room was not of the size represented, the duration of the interview was not as represented, or that appellant was Mirandized while being questioned in the detention center. Given the absence of any contested issues of fact underlying the claim of involuntariness, the trial court was not obligated to grant appellant an article 38.23 instruction.

Also missing from the record before us is evidence that appellant sought to have the trial court suppress his confessions due to their involuntariness.[2] Nor did the court raise the matter *sua sponte.* We find no hearing on the matter being conducted outside the jury's presence or a judicial finding that the confessions were voluntary. Thus, the sequence of events specified in *Oursbourn* as prerequisites to obtaining an article 38.22, § 6 instruction were not established, and the duty to instruct the jury under that statute was not triggered.

In sum, the trial court did not err in withholding the instructions sought by appellant. Nor did appellant illustrate that the trial court erred in refusing to grant his motion to suppress evidence garnered as a result of the initial stop. Consequently, we affirm the judgment of the trial court.

---

2. Appellant filed motions to suppress which mentioned article 38.22, and the trial court conducted hearings on those motions. But in none was the voluntariness of appellant's confessions broached.