

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-24-00080-CR
_____

BILLY JOE BOYCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 12,994, Honorable Cornell Curtis, Presiding

December 3, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Billy Joe Boyce, appeals from his jury convictions for sexual performance of a child and indecency with a child. Four issues pend for review. We overrule each and affirm.

### A Preliminary Matter

One reading the "statement of facts" found in appellant's brief encounters comments like: 1) "[o]n multiple occasions, rather than acting as an impartial magistrate, the Court improperly argued with Appellant's Trial Counsel on behalf

of the State"; 2) "[w]hen Appellant's trial counsel objected to the State leading their own witness, the State erroneously argued that 'the rules of evidence don't apply in a suppression hearing outside the presence . . .'" of the jury; 3) "[l]ogically, there could not be a traffic violation since Appellant was just sitting in a car at a full stop on private property on which he had a legal right to be"; 4) "[t]he State stood mute while the Court argued for it"; 5) "[t]he State argued erroneously that Appellant's trial counsel could not ask if there were inconsistent statements during the interviews"; 6) "[t]o say that this trial was a comedy of errors is an understatement"; 7) "we cannot as Americans turn a blind eye to the miscarriage of justice, the bias of the tribunal, and the denial of both a fair trial and of Appellant's due process rights"; and 8) "under the rights afforded to us by the US [sic] Constitution and Texas Constitution . . . we cannot allow fundamentally unfair trials to stand just because our emotions are inflamed — or because the trial court is friends with the DA." Each represents appellant's effort to proffer argument based on his interpretation of evidence or events captured within the reporter's record. None are merely iteration of evidence or events within that record. We note this because rules of procedure specify that "[t]he [appellant's] brief must state concisely **and without argument** the facts pertinent to the issues or points presented." TEX. R. APP. P. 38.1(g).

In short, there is a time for argument, which may well include hypothesis founded on one's interpretation of the evidentiary record. That time, however, is not in the "statement of facts."

2

*Background*

At about 10:30 p.m. in March 2023, Officer Sandoval was dispatched to investigate a vehicle parked atop the yard of an abandoned house in a residential neighborhood. As the officer approached in his squad car, the vehicle proceeded to drive across the yard towards the public street and curb abutting that road. Sandoval directed the driver to stop, which directive the driver heeded. His vehicle halted within inches of the curb, and to proceed onto the street from that point would have necessitated jumping the curb.

Soon thereafter, the officer recognized the driver. The latter, i.e., appellant, was once the former's wrestling coach. Furthermore, when encountering the officer, appellant was bare-chested and appeared sweaty. Within the backseat of the vehicle sat a minor female, whom the officer recognized. Also discovered in the car was baby oil, a dildo, and a video camera containing footage of sexual activity involving appellant and the youth.

*Issue One—Improper Detention*

By his first issue, appellant questions the legality of his initial detention. Being on private property and having committed no traffic infractions, the officer allegedly lacked reasonable suspicion to detain him. This meant, according to appellant, that the trial court abused its discretion in refusing to sustain his motion to suppress evidence. We overrule the issue.

The pertinent standard of review is expressed in *Morales-Acosta v. State*, No. 07-15-00321-CR, 2017 Tex. App. LEXIS 8274, at *3-4 (Tex. App.—Amarillo Aug. 29, 2017, no pet.) (mem. op., not designated for publication). We apply it

here, and it requires us to uphold the trial court's decision on any proper ground, irrespective of whether the trial court relied on it. *Smith v. State*, 532 S.W.3d 839, 841 (Tex. App.—Amarillo 2017, no pet.).

Next, in assessing whether an officer had legitimate basis to detain, we view the totality of the circumstances surrounding the stop. *Id.* They must enable a reasonable officer to conclude, with a fair probability, that the suspect is or has been engaged in criminal activity. *Id.* Under that standard, the subjective beliefs of the actual officer making the stop do not control. *Id.* Instead, the viewpoint utilized is objective and that of a reasonable officer standing in the actual officer's shoes.[1] *Id.* Whether such an officer could reasonably infer from them a fair probability of criminal activity on the part of the suspect frames our analysis. *Id.*

Applying the foregoing, we observe that the content of the reporter's record at bar consisted of more than Sandoval's interpretation of events. Rather, the totality of the circumstances includes 1) the time of day, that is, 10:30 p.m., 2) a report about a vehicle being parked behind a residence at that time, 3) information about no one living within the residence at the time, 4) information about the area having experienced burglaries, 5) the driver of the vehicle proceeding not down a driveway as the officer arrived but rather across the yard, and 6) the driver of the vehicle moving across a yard and about to jump a curb to enter a public street.

---

[1] Given this viewpoint, the subjective conclusions of Officer Sandoval about the criminal nature, or lack thereof, of appellant's activity do not control. Nor do circumstances known to appellant but unknown to Sandoval or a reasonable officer standing in his shoes control, such as whether appellant had permission to be on the property.

4

These were circumstances within the perception of a reasonable officer immediately before Sandoval directed appellant to stop.

Statute generally prohibits one from driving over or across a physical barrier constructed to impede vehicular traffic. *Hadley v. State*, 223 S.W.3d 421, 423 (Tex. App.—Amarillo 2006, pet. ref'd.); TEX. TRANSP. CODE § 545.063(b) (stating that generally "operator may not drive over, across, or in a dividing space, physical barrier, or section constructed to impede vehicular traffic . . ."). A street curb is such a barrier. *Hadley*, 223 S.W.3d at 423. Thus, at the very least, circumstances existed allowing a reasonable officer viewing them to rationally infer that appellant was in the process of committing a traffic violation when stopped by Sandoval. And, that appellant stopped before actually jumping the curb in violation of § 545.063(b) matters not. The reasonable officer in question need not wait for a crime to occur; it is enough to have an objective basis for suspecting that the person stopped is about to engage in criminal activity. *Herrera v. State*, 546 S.W.3d 922, 927 (Tex. App.—Amarillo 2018, no pet.) (stating that an investigatory stop is justified if the detaining officer has an objective basis for suspecting that the detainee "is about to be [] engaged in criminal activity"). So, we cannot say that the trial court's decision fell outside the zone of reasonable discretion or abused its discretion in concluding that the officer had legitimate basis to temporarily detain appellant.

### Issue Two—Admission of Statements to Police

Next, appellant argues the trial court erred in admitting evidence of appellant's responses to queries posed by Sandoval upon initially detaining

5

appellant.[2] He suggests that once stopped, he was not free to leave, and being unable to leave meant he was in custody for purposes of receiving *Miranda* or article 38.22 warnings. So, because those warnings were not afforded him **at the inception of the stop**, "all of these non-mirandized statements" allegedly were inadmissible "fruit from this poisonous tree." We overrule the issue.

Both *Miranda* warnings and those within article 38.22 of the Texas Code of Criminal Procedure have at least one thing in common. It is "custody." Custodial interrogation triggers the need to provide them. *See Herrera v. State*, 241 S.W.3d 520, 525 (Tex. Crim. App. 2007) (stating that the warnings prescribed in *Miranda v. Arizona* were imposed to safeguard an uncounseled individual's constitutional privilege against self-incrimination "during custodial interrogation"); TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3 (stating that no oral statements of an accused "made as a result of custodial interrogation shall be admissible . . .").

As discussed earlier, the existence of reasonable suspicion permitted the initial temporary detention of appellant. During that initial detention, an officer may conduct a brief and minimally intrusive investigation. *Henry v. State*, No. 07-18-00179-CR, 2018 Tex. App. LEXIS 9659, at *9 (Tex. App.—Amarillo Nov. 27, 2018, pet. ref'd) (mem. op., not designated for publication). Included within that investigation is the authority to ask about matters unrelated to the purpose of the stop, so long as the questioning does not measurably extend the duration of the

---

[2] The specific responses deemed inadmissible went unmentioned in the brief. This alone is enough to reject the contention as inadequately briefed. *See In re A.M.*, No. 09-19-00075-CV, 2019 Tex. App. LEXIS 7941, at *33 (Tex. App. –Beaumont Aug. 29, 2019, pet. denied) (mem. op.) (noting the argument insufficient to preserve any error because the party failed to specify what testimony or evidence Father challenged and where the evidence appeared in the record).

6

stop. *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018). If responses to those questions or other circumstances arising while the accused is briefly detained create reasonable suspicion that the driver or an occupant of the vehicle is involved in other criminal activity, the officer may continue questioning the individual regardless of whether the official tasks of a traffic stop come to an end. *Id.* at 191. And, though that investigatory detention is considered a seizure, it is not a custodial interrogation. *Simmons v. State*, 14-07-00301-CR, 2008 Tex. App. LEXIS 4907, at *9 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (mem. op., not designated for publication) (stating that "persons temporarily detained for the purposes of an investigation are not 'in custody' for the purposes of *Miranda*"). Therefore, the officer need not afford the detainee the warnings in question. *Henry*, 2018 Tex. App. LEXIS 9659, at *11; *Carmona v. State*, No. 07-17-00018-CR, 2018 Tex. App. LEXIS 6185, at *5-6 (Tex. App.—Amarillo Aug. 7, 2018, no pet.) (mem. op., not designated for publication); *Simmons*, 2008 Tex. App. LEXIS 4907, at *9. That means appellant's contention about "all non-mirandized statements" being inadmissible due to the absence of such warnings at the inception of the stop is inaccurate.

Sandoval need not have Mirandized appellant immediately after stopping him. Moreover, seeing appellant shirtless, sweaty, and bare-chested at 10:30 p.m. with a minor in a car provided a reasonable officer rational basis to continue to query appellant about what was happening. Thus, a trial court's concluding that Sandoval had reasonable suspicion to continue the temporary detention to

7

investigate what appellant was doing with the minor also fell within the zone of reasonable disagreement, despite the absence of *Miranda* warnings.

### *Issue Three—Voluntariness of Statements*

Appellant next complains of the denial of his right to present a defense and for an instruction on the voluntariness of his statements. We overrule the contentions in this issue as well.

Regarding the matter of presenting a defense, it involves the ability to question the officer about whether the minor provided inconsistent statements. The trial court barred appellant from doing so "under Rule 613 . . . based on hearsay." That said, we note an appellant has the burden to illustrate the trial court erred. *Parkhurst v. Office of the AG of Tex*., 481 S.W.3d 400, 402 (Tex. App.—Amarillo 2015, no pet.). Part of that burden consists of negating the validity of the grounds underlying the trial court's decision. *Id.* Here, those grounds apparently involved Texas Rule of Evidence 613 and the rule of hearsay. Appellant addressed neither in his briefing. Thus, he failed to carry his burden to illustrate the trial court erred.

Moreover, in seeking to question the officer about potential inconsistent statements uttered by the minor, appellant did not proffer his constitutional right to present a defense as reason for asking the questions. That ground was first raised on appeal. Grounds purportedly establishing error on appeal must comport with those uttered at trial. *Jordan v. State*, No. 07-17-00324-CR, 2019 Tex. App. LEXIS 783, at *2 (Tex. App.—Amarillo Feb. 5, 2019, pet. ref'd) (mem. op., not designated for publication). Since the matter of a right to present a defense went unmentioned

8

below, appellant failed to preserve it for review. *Anderson v. State*, No. 07-16-00220-CR, 2017 Tex. App. LEXIS 1909, at *5-6 (Tex. App.—Amarillo Mar. 7, 2017, no pet.) (mem. op., not designated for publication) (holding that the appellant failed to preserve for review a like contention since it went unmentioned at trial).

As for the matter of a missing instruction on voluntariness, appellant's purported right to same is founded upon a contention rejected earlier. That is, he suggested his statements to Sandoval were involuntary because the officer failed to immediately Mirandize him. Thus, the trial court was purportedly obligated to submit an instruction under article 38.22, § 6 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (stating that "[u]pon the finding by the judge as a matter of law and fact that the statement was voluntarily made, evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof"). Yet, the officer had no duty to Mirandize appellant, as explained earlier. This is of import. As said in *Oursbourn v. State*, 259 S.W.3d 159, 176 (Tex. Crim. App. 2008), "[i]f a reasonable jury could find that the facts, disputed or undisputed, rendered [a defendant] unable to make a voluntary statement, he is entitled to a general voluntariness instruction when he has raised a question of the voluntariness of his statement." Sandoval's having no duty to Mirandize appellant, the mere fact they were withheld would not permit a reasonable jury to conclude appellant was unable to make a voluntary statement. So, the trial court was not obligated to submit an

9

article 38.22, § 6 instruction.  *See Taylor v. State,* 509 S.W.3d 468, 481 (Tex. App.—Austin 2015, pet. ref'd) (rejecting the contention that the absence of *Miranda* warnings entitled Taylor to an article 38.22, § 6 instruction since the condition precedent triggering the obligation to provide them, i.e., custody, was non-existent).  Or, at the very least, the missing instruction caused appellant to suffer no harm, egregious or otherwise.[3]

### *Issue Four—Fundamental Fairness of Trial*

Lastly, appellant asserted his trial was fundamentally unfair.  The argument's tenor was reflected in this statement from his brief:

> Given this trial court's proclivity for arguing for the State before ruling for the State and this trial court's penchant for blatantly denying Appellant's Constitutional rights already discussed in this brief, supra, it would be impossible to find an unbiased jurist anywhere who would not describe what happened here as tyranny.  This transcript contains most of the evils the Founding Fathers sought to protect us from.

We overrule the issue.

No doubt, due process requires a neutral and detached jurist, but absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).  Our de novo reading of the record neither comports with appellant's interpretation of it nor illustrates the presence of a biased court.  Having one's objections and requests denied alone

---

[3] Indeed, appellant did not complain below that his statements were **involuntary** due to the failure to warn per *Miranda* or article 38.22.  *See Gutierrez v. State*, 71 S.W.3d 372, 378 (Tex. App.—Amarillo 2001, pet. ref'd) (observing that one must preserve his claim that his statements were involuntary).  He simply sought exclusion based on the absence of *Miranda* and article 38.22 warnings.  *See id.* at 378-79 (explaining that the complaint at trial was founded upon non-compliance with article 38.22 as opposed to involuntariness, or the purportedly coerced nature, of the statements, which resulted in the failure to preserve the latter ground for review).

seldom establishes bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). This is especially so when a complainant, like appellant, failed to illustrate that the trial court's rulings were wrong. That appellant also failed to cite authority obligating a trial court to first hear a response to an objection before ruling is troubling. We know of none. Yet, he seems to suggest that when the trial court knows an objection is baseless, rules on same, and explains the basis for that ruling without asking the opposing party to first respond, the jurist evinces improper bias. Without more, we eschew the invitation to hold a jurist improperly biased because he does not delay ruling upon baseless trial objections or requests.

Simply put, the record before us shows no improper bias on the part of the trial judge. Legal counsel should tread cautiously before heaping caustic, unfounded accusations of bias upon a jurist under the name of zealous representation of a client. Again, we overrule the last issue.

The judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.


11