Opinion filed August 31, 2023



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00020-CV

_____

## GLEN D. AARON, II, Appellant

## V.

## CADDO MINERALS, INC., ET AL., Appellees

**On Appeal from the 118th District Court**
**Glasscock County, Texas**
**Trial Court Cause No. DC-2072-CV**

## MEMORANDUM OPINION

In this case, Appellant challenges the trial court's orders granting Rule 91a motions to dismiss claims against Appellees. Appellant alleges that the granting of the dismissal of these claims has infringed upon his constitutional right of access to the courts and his right to a jury trial. Appellant also claims that the award of attorney's fees under Rule 91a.7 were improper. We affirm the judgments of the trial court and the award of attorney's fees.

*Procedural History*

The case before this court was severed from a claim originally filed by Pioneer Natural Resources USA, Inc. interpleading oil and gas production funds to mineral interest owners. According to Appellant, after Pioneer deposited the interpleader funds with the trial court and was released from the case, Appellant filed suit against various individuals and companies alleging trespass-to-try-title and tort claims. These claims were severed from the original action and limited to the matter between Glen D. Aaron, II (Appellant), and Appellees, Caddo Minerals, Inc. (Caddo), Elm Creek Energy, LLC (Elm Creek), and John and Teresa Hillman Family Properties, LP (Hillman). Appellant repeatedly claims in his filings with the trial court and in his brief on appeal that "there is only one core issue between Caddo and other royalty owners, [those royalty owners including Appellant himself] and that is the correct calculation of the 1/50th interest stated in the deed." Thus, all of the claims made by Appellant relate to a mineral interest conveyance originally between Robert Sean Aaron, Appellant's adult son, and Caddo.

Two petitions and three Rule 91a dismissal orders are relevant to this appeal. In both his fifth and sixth amended petitions, Appellant claims that, on "December 8, 2017, Robert Sean Aaron conveyed a 1/50th interest" to Caddo. According to the petitions, following the conveyance to Caddo, Robert deeded back any remaining interest to Appellant and assigned all potential causes of action against third parties regarding prior conveyances to Appellant at that time. Appellant states that the "Mineral and Royalty Deed" at issue was filed by Robert on December 20, 2017. Appellant's petitions state that the language of the deed to Caddo purports to convey:

> an undivided One-Fiftieth (1/50)interest [sic] in and to all the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Glasscock and Midland Counties, Texas, to wit: South 120 acres of the East-Half (E/2) of Section 38, Block 36, T-1-S, T&P Ry. Co. Survey, Glasscock and Midland

2

Counties, Texas, recorded at Volume 365, page 178, Official Public Records of Glasscock County, Texas.

Appellant argued that the "one-fiftieth" interest was only a portion of one-third of one-twelfth of an interest in the described lands, rather than a one-fiftieth interest in the entire described property. Appellant pled that "[Robert] only owned 1/3rd of 1/12 of an NPRI in said lands and could not have conveyed more." As it does on appeal, Caddo argued that the deed grants a one-fiftieth interest in all of Robert's mineral estate and includes no reservation to the grantor. Caddo later conveyed its one-fiftieth interest to Hillman and Elm Creek.

The only petitions included in the appellate record—and relevant to this appeal—for this trial court cause number are Appellant's fifth amended petition and sixth (and final) amended petition. Caddo filed the first Rule 91a motion to dismiss on December 10, 2020. Appellant filed a response and the trial court—following a hearing—granted the motion on January 6, 2021. The order granted the motion "in all respects," dismissing all the claims with prejudice.[1]

On March 12, 2021, Appellant filed his fifth amended petition, alleging claims against Caddo, Elm Creek, and Hillman.[2] Appellant's claims included: negligent misrepresentation, suit to set aside conveyance, voidable deeds, money had and received, and a suit to construe the deed conveying property to Caddo. Elm Creek and Hillman jointly filed a Rule 91a motion to dismiss and for attorney's fees, as did Caddo. Following a hearing on June 17, 2021, the trial court issued orders granting the motions to dismiss and awarding attorneys' fees to both Caddo and Elm

---

[1]This order of dismissal was not appealed and all four claims (trespass to try title, slander of title, money had and received, and the request for declaratory judgment) were dismissed with prejudice.

[2]The fifth amended petition was filed before the motion for severance was granted. The petition includes claims against additional defendants who are not part of the severed cause number or the appeal.

Creek/Hillman. The orders granted the motions "in all respects," dismissing all the claims with prejudice.

On July 30, 2021, Appellant filed the sixth amended petition, re-alleging the same five claims from the fifth amended petition, as well as two additional claims: tortious interference with property and deed of conveyance, and interference with a business relationship.[3] Caddo filed a Rule 91a motion to dismiss and application for attorney's fees, which was granted by the trial court's final judgment on November 15, 2021.[4] The order granted the motion in all respects, and dismissed all seven claims with prejudice: the five claims previously dismissed, as well as the two new claims alleged in the sixth amended petition.

Appellant appeals the trial court's decision alleging multiple issues.[5] Appellant's brief is challenging to decipher. Even though his issues for "appellate

---

[3]The sixth amended petition contained no new allegations as to the five prior claims that were dismissed with prejudice on June 17, 2021, per the orders signed by the trial court on August 19, 2021. This petition was also filed before the motion for severance was granted and includes claims against additional defendants who are not part of the severed cause number or the appeal. In a "supplement" to his sixth amended petition, Appellant further abandoned all claims included in the petition and prior pleadings that related to a portion of the land at issue.

[4]The final judgment signed by the trial court indicates that this decision followed a hearing on November 2, 2021. It appears that the parties did not request a transcript of this hearing, so one was not provided as part of the appellate record. Hillman and Elm Creek did not file a second Rule 91a motion to dismiss following the sixth amended petition and are not listed in the "Final Judgment" signed by the trial court. Despite this, the order granting Hillman and Elm Creek's Rule 91a motion to dismiss and application for attorney's fees does dispose of all claims against Hillman and Elm Creek and functions as a final judgment.

[5]Appellant's brief is forty-nine pages of multifarious and frequently repetitive arguments filled with cut-and-pasted single-spaced trial court pleadings, all complaining of the trial court's orders granting the Rule 91a dismissals and its award of attorneys' fees. The brief is supported by sparsely furnished case law and legal authority. We note that, while Appellant appears pro se, he used to be a practicing attorney. Pro se litigants are held to the same standards as licensed attorneys. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). As to Appellant, there is no exception. In addition, Appellant's briefing falls short of the "clear and concise" briefing requirement and utilizes conclusory statements as to

review" are numbered in the brief, many of the stated issues for review overlap into overall categories. While his issues presented, as described in his brief, are unclear, it is clear that Appellant alleges that the trial court erred in both granting the motions to dismiss related to the fifth and sixth amended petitions and awarding attorneys' fees to Caddo on two motions and Elm Creek and Hillman on one motion. It is also clear that Appellant alleges that the grant of the Rule 91a dismissals infringed upon two constitutionally protected rights. In addition, there are allegations regarding expert report evidence and requests for findings of fact and conclusions of law, which fall under his Rule 91a dismissal issues. As a result, we address these issues in two groups: (1) alleged errors related to the grant of Rule 91a motions to dismiss and awards of attorney's fees under the rule, and (2) alleged constitutional errors.

## Rule 91a Motions to Dismiss

Appellant argues on appeal that the trial court erred in dismissing the claims alleged in Appellant's fifth and sixth amended petitions. Appellant contends that the trial court had no basis for the rulings and asks us to find that the trial court abused its discretion in dismissing the petitions and to reverse the judgments of the trial court. We decline to do so.

### A. *Standard of Review and Applicable Law*

Appellate courts review the merits of a trial court's Rule 91a ruling de novo. *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021); *see also In re*

---

multiple points of alleged error. *See* TEX. R. APP. P. 38.1(i). "An appellate court has no duty-or even right-to perform an independent review of the record and applicable law to determine whether there was error." *Valadez*, 238 S.W.3d at 845. "Were we to do so, even on behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party." *Id.* (citing *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied)). We decline to do so. Furthermore, "[i]n the review of a civil case, the appellate court has no discretion to consider an issue not raised in the appellant's brief, even if the ends of justice so require." *Id.* (citing *Bankhead v. Maddox*, 135 S.W.3d 162, 163–64 (Tex. App.—Tyler 2004, no pet.)). Accordingly, we have carefully consolidated our discussion of related issues to fully address his contentions on appeal.

*Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) (explaining that "whether a defendant is entitled to dismissal under the facts alleged is a legal question"). Under a Rule 91a de novo review, "the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). We "construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings." *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied). However, an appellant seeking reversal of a Rule 91a dismissal must negate the validity of each ground on which the trial court *could* have relied in granting the dismissal. *See Parkhurst v. Office of Att'y Gen. of Tex.*, 481 S.W.3d 400, 402 (Tex. App.—Amarillo 2015, no pet.).

Rule 91a of the Texas Rules of Civil Procedure provides that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. A cause of action has no legal basis under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* A cause of action has no factual basis under Rule 91a "if no reasonable person could believe the facts pleaded." *Id.* A Rule 91a motion to dismiss must identify each cause of action that it attacks and specify why the claim has no basis in law or in fact, or both. *Id.* R. 91a.2. Rule 91a prohibits a trial court from considering evidence when ruling on the motion—except when required by Rule 91a.7—and requires a decision "based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." *Id.* R. 91a.6; *see also id.* R. 59 (providing that documents "constituting, in whole or in part, the claim sued on, or the matter set up in defense," may be deemed part of pleadings). Additionally, except in actions involving the government, "the court may award the prevailing party on the motion all costs and reasonable and necessary

6

attorney fees incurred with respect to the challenged cause of action in the trial court." *Id.* R. 91a.7. "Any award of costs or fees must be based on evidence." *Id.*

B. *Analysis—Motions to Dismiss*

Appellant limits this appeal to the three Rule 91a motions and orders related to the fifth and sixth amended petitions.[6] Two motions were filed by Caddo and one was filed jointly by Elm Creek and Hillman. Each of the three Rule 91a motions asserted no-basis-in-law challenges against Appellant's causes of action. A cause of action has no-basis-in-law under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a.1.

The fifth amended petition alleged five claims against Caddo (negligent misrepresentation, declaratory judgment to construe the deed, declaratory judgment to void the deed, money had and received, suit to set aside conveyance due to unjust enrichment) and three of those claims also included Elm Creek and Hillman (declaratory judgment to void the deed, money had and received, suit to set aside conveyance due to unjust enrichment). The sixth amended petition includes all five of the claims that were dismissed with prejudice in the order related to the fifth amended petition, as well as two additional claims against Caddo and—by subsequent assignment—Hillman and Elm Creek (tortious interference and interference in a business relationship).

1. *Declaratory Judgment*

    a. *Deed Construction- the one-fiftieth interest conveyed to Caddo*

We review the grant of a Rule 91a motion to dismiss de novo. *See Medina*, 627 S.W.3d at 628. Because Appellant has claimed that the *core issue* between

---

[6]The trial court granted a total of four Rule 91a motions to dismiss in this matter.

Caddo and other royalty owners is the correct calculation of the one-fiftieth interest conveyed to Caddo by deed, we address the requests for declaratory judgment first. Appellant asked the trial court, in both the fifth and sixth amended petitions, to construe the conveyance from Robert to Caddo.

The Declaratory Judgments Act authorizes a person interested in a deed to have determined any question of construction and obtain a declaration of their rights, status, or other legal relations. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West 2020). There are two prerequisites for a declaratory judgment action: there must be a real controversy and the controversy must be able to be determined by the judicial declaration sought. *Nehls v. Hartman Newspapers, LP*, 522 S.W.3d 23, 29 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). The controversy raised by Appellant is the determination of the actual conveyance set out in the December 2017 deed between Robert and Caddo. Appellant suggests that the conveyance has been misinterpreted, and that Caddo is claiming a larger conveyance than what is recited in the deed. Caddo disagrees, claiming that the deed is clear on its face and that the conveyance is a portion of the entire described property. Thus, a justiciable controversy exists because there is a dispute between the parties regarding the amount and nature of the interest conveyed in the deed.

Neither party contends the deed is ambiguous, and we agree. *Wenske v. Ealy*, 521 S.W.3d 791, 794 (Tex. 2017) (citing *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996) (explaining that ambiguity is a question of law for the court)). "If a [deed] is so worded that it can be given a definite or certain legal meaning when so considered and as applied to the matter in dispute, then it is not ambiguous." *Gaskins, Trustee of Van Martin Gaskins Family Trust v. Navigator Oil & Minerals, Inc.*, 670 S.W.3d 391, 400 (Tex. App.—Eastland 2023, no pet. h.) (citing *URI, Inc. v. Kleberg Cty.*, 543 S.W.3d 755, 765 (Tex. 2018)). Here, the operative portion of the deed language is not disputed. Therefore, we begin by

8

attempting to ascertain the parties' intent as expressed in that deed's language. *Nettye Engler Energy, LP v. BlueStone Nat. Res. II, LLC*, 639 S.W.3d 682, 689 (Tex. 2022) (citing *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.,* 341 S.W.3d 323, 333 (Tex. 2011)); *Wenske*, 521 S.W.3d at 794.

When construing an unambiguous deed, the primary responsibility of the court is to ascertain the intent of the parties solely from all the language within the four corners of the deed. *See Brooke-Willbanks v. Flatland Mineral Fund, LP*, 660 S.W.3d 559, 563–64 (Tex. App.—Eastland 2023, no pet. h.). The parties argue that the "intent" of the parties as represented in the granting clause is dispositive.

The language at issue is the conveyance of "an undivided One-Fiftieth (1/50)interest [sic] in and to all the oil, gas and other minerals in and under and that may be produced from the following described lands. . . ." The parties disagree as to the amount conveyed by the "one-fiftieth" language. Appellant claims this was only one-fiftieth of one-third of one-twelfth, but Caddo claims this is a clear, undivided one-fiftieth interest of the mineral interest's royalties in the entire described property. "Our interpretation of any contract or deed primarily concerns the parties' intended meaning." *Van Dyke v. Navigator Grp.*, 668 S.W.3d 353, 361 (Tex. 2023). "But as always, we determine intent objectively by giving words their fair meaning." *Id.* (citing *Matagorda Cnty. Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 740 (Tex. 2006)).

Here, the granting clause seems to clearly express the intent of the parties, and we agree with the trial court's determination and conclude that Caddo received an undivided one-fiftieth interest in and to *all* the oil, gas and other minerals in and under and that can be produced from the *entirety* of the described property—as

9

stated—"from the following described lands."[7] This language does not explicitly reserve any part of that interest to Robert. Appellant provides no other language to harmonize within the four corners of the deed from which any other construction can be drawn and provides no caselaw directing a different result. Appellant's issues related to the trial court's deed construction of the one-fiftieth interest conveyed to Caddo are overruled.

b.  *Statute of Frauds- sufficiency of the property description*

We note that Appellant's petitions allege that the deed from Robert to Caddo—and subsequently, from Caddo to Hillman and Elm Creek— contain an insufficient property description. But Appellant only summarily alleged in his sixth amended petition, that the statute of frauds was not met because "[d]escription is not limited to survey or metes and bounds."[8] This pleading is inadequate to advise the trial court in any detail of the specifics of his complaint, what language is challenged,

---

[7]According to Appellant's amended petitions, it states that "the following described lands situated in Glasscock and Midland Counties, Texas, to wit: South 120 acres of the East-Half (E/2) of Section 38, Block 36, T-1-S, T&P Ry. Co. Survey, Glasscock and Midland Counties, Texas, recorded at Volume 365, page 178, Official Public Records of Glasscock County, Texas." Appellees do not dispute this deed language or the description of the land.

[8]A property description that meets the requirements of the statute of frauds is not required to be strictly "limited to survey or metes and bounds." "If enough appears in the description so that a person familiar with the area can locate the premises with reasonable certainty, it is sufficient to satisfy the statute of frauds." *Reiland v. Patrick Thomas Properties, Inc.*, 213 S.W.3d 431, 437 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing *Gates v. Asher*, 280 S.W.2d 247, 248–49 (Tex. 1955)). "[A] deed should not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property the parties intended to convey." *Hahn v. Love*, 394 S.W.3d 14, 25 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing *Teledyne Isotopes, Inc. v. Bravenec*, 640 S.W.2d 387, 389 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.); *cf. AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008) ("Texas law does not require courts to scrutinize the proceedings of a judicial sale with a view to defeat them; instead, 'every reasonable intendment will be made in their favor, so as to secure, if it can be done consistent with legal rules, the object they were intended to accomplish.'")). Moreover, "[e]very presumption should be indulged to reach the conclusion that some interest should be passed by a deed." *Id.* (citing *Templeton v. Dreiss*, 961 S.W.2d 645, 657 (Tex. App.—San Antonio 1998, pet. denied).

10

and the legal authority and case law he claims support his arguments. Thus, the trial court did not err when it concluded, by granting Appellees' 91a motions to dismiss, that Appellant's statute-of-frauds argument had no basis in law or in fact.

On appeal, Appellant makes *no* argument based on the statute of frauds. Appellant has therefore waived this issue. In Appellant's brief, there is a list of "points of error" made by the trial court. In this list—denominated "Issues Presented"—Appellant does not include any reference to a statute-of-frauds claim. Appellant similarly does not mention a statute-of-frauds claim in the detailed "Summary of Argument" on appeal. The only specific appellate reference to the statute of frauds is the statement by Appellant that he had made a statute-of-frauds claim in the fifth amended petition. There is no argument made, construction of the property description given, nor authority cited on this subject in his appellate briefing to support the blanket contention that the trial court "abused its discretion in granting the two Rule 91a Orders of Dismissal when the pleadings of both the Fifth Amended Petition and the Sixth Amended Petition of Appellant gave clear notice to Defendants of the allegations against them and stated precisely the causes of action under which those allegations were maintained."

A brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint." *Dipprey v. Double Diamond, Inc.*, 637 S.W.3d 784, 814–15 (Tex. App.—Eastland 2021, no pet.) (quoting *Smale v. Williams*, 590 S.W.3d 633, 639 (Tex. App.—Texarkana 2019, no pet.)). Although the Texas Rules of Appellate Procedure directs courts of appeals to liberally construe briefs and only require substantial compliance with the briefing rules, Appellant fails to substantially comply with the briefing requirements as to this issue. *See* TEX. R.

APP. P. 38.9 ("[B]riefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case.").

Appellant's issues related to the trial court's failure to issue a "declaratory judgment" based on alleged incomplete deed description and statute-of-frauds complaints are overruled.

### 2. *Suit to Set Aside Conveyance and Money Had and Received*

Appellant's sole support for the claims of unjust enrichment (the basis for his suit to set aside the conveyance) and money had and received stemmed from his assumption that his proposed calculation of the interest conveyed in the deed was correct. The trial court did not err in dismissing these claims, because the royalty payments to interest owners were properly calculated in proportions contrary to what Appellant advocates. Because we have overruled Appellant's issues related to the conveyance and have held that the trial court did not err in dismissing Appellant's declaratory judgment claims, Appellant has no remaining legal basis in support of these claims. Appellant's appellate issues related to his suit to set aside conveyance due to unjust enrichment and money had and received are overruled as to Appellees Caddo, Hillman, and Elm Creek.

### 3. *Negligent Misrepresentation*

Appellant also made a claim in his petitions against Appellees for negligent misrepresentation. A plaintiff must prove four elements for a claim of negligent misrepresentation: (1) a representation is made by the defendant in the course of his business or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999). To support a claim for

12

negligent misrepresentation, the false information provided must concern an "existing fact." *AKB Hendrick, LP v. Musgrave Enters., Inc.*, 380 S.W.3d 221, 237–38 (Tex. App.—Dallas 2012, no pet.).

Appellant alleged in his petitions that Caddo negligently represented to the operator, Pioneer, that it owned a one-fiftieth (0.02) interest in the south 120 acres. Appellant claims this "overstatement" unjustly enriched Caddo to the ultimate detriment of Appellant. In their Rule 91a motion to dismiss, Caddo claims that the negligent misrepresentation claim fails because: (1) Caddo did not make any representation that is actionable under Texas law; (2) Appellant has no standing in a claim of negligent misrepresentation; (3) Appellant failed to establish that Caddo supplied false information that was justifiably relied upon; and (4) Appellant failed to meet the two-year statute of limitations deadline for making that claim.

Under the tort of negligent misrepresentation, liability is not based on the breach of duty that a professional owes to their clients or others in privity, but on an "independent duty to the nonclient based on the professional's manifest awareness of the nonclient's reliance on the misrepresentation and the professional's intention that the nonclient so rely." *McCamish*, 991 S.W.2d at 792 (applying Texas law holding that lenders, auditors, physicians, real-estate brokers, securities placement agents, accountants, surveyors, and title insurers are all professionals who may be liable under the tort of negligent misrepresentation). Here, Appellant has provided nothing in the record to suggest that Caddo was acting as a professional providing information in the course of its employment that was also intended to be relied upon by a non-client. Further, Appellant does not provide any argument or assertion that he or Robert were a "non-client" who justifiably relied upon such claims when executing the deed with Caddo. Even if, as Appellant suggests, Caddo had made a misrepresentation in the course of a professional duty or act, there is nothing to suggest these representations occurred prior to the execution of the deed between

13

Robert and Caddo—or that it led to the signing of the deed between Robert and Caddo.

Appellant not only lacks standing to bring this claim against Caddo, but he failed to plead and meet any of the elements of justifiable reliance. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.,* 546 S.W.3d 648, 654 (Tex. 2018). Justifiable reliance can be negated as a matter of law when circumstances exist under which reliance cannot be justified. *Id.*; *see Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 424 (Tex. 2015); *AKB Hendrick*, 380 S.W.3d at 232 (reliance on a representation made in a business or commercial transaction can be unjustified as a matter of law). "In an arm's-length transaction[,] the defrauded party must exercise ordinary care for the protection of his own interests." *Westergren*, 453 S.W.3d at 425) (quoting *Thigpen v. Locke*, 363 S.W.2d 247, 251 (Tex. 1962)). A party is "charged with knowledge of all facts that would have been discovered by a reasonably prudent person similarly situated." *See AKB Hendrick*, 380 S.W.3d at 232.

Further, in Texas, a cause of action for negligent misrepresentation is governed by the two-year statute of limitations applicable to tort actions. *Tex. Am. Corp. v. Woodbridge Joint Venture*, 809 S.W.2d 299, 302 (Tex. App.—Fort Worth 1991, writ denied) (citing *Coleman v. Rotana, Inc.*, 778 S.W.2d 867, 873 (Tex. App.—Dallas 1989, writ denied)). According to Appellant's pleadings, the deed was signed on December 8, 2017, and recorded on December 20, 2017. The fifth amended petition was filed on March 12, 2021—clearly outside the statute of limitations—and Appellant has neither pled nor provided any reason why the statute should have been tolled to accommodate for his delay. Appellant's issue related to the dismissal of his negligent misrepresentation claim is overruled.

4. *Tortious Interference and Interference with a Business Relationship*

Appellant has waived the issues of tortious interference and interference with a business relationship on appeal. Appellant cites no authority in support of the general assertion that the trial court erred in granting dismissal of claims included in the sixth amended petition. As we have said, a brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). And "[f]ailure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint." *Dipprey,* 637 S.W.3d at 814–15 (quoting *Smale*, 590 S.W.3d at 639). Appellant again fails to even substantially comply with this requirement as to these issues. *See* TEX. R. APP. P. 38.9. Accordingly, Appellant has waived this complaint for appellate review.

5. *Remaining Issues*

On appeal, Appellant argues that the trial court erred when it refused to consider the "Designation of Expert" filed by Appellant. However, under Rule 91a, the trial court cannot consider evidence in deciding whether to grant a motion to dismiss. *See Strickland v. iHeartMedia, Inc.*, 665 S.W.3d 739, 742 (Tex. App.—San Antonio 2023, pet. denied); *see also* TEX. R. CIV. P. 91a.6. Only pleading exhibits which comport with Rule 59 are permitted. TEX. R. CIV. P. 91a.6. Permitted exhibits include "notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on." *Id.* R. 59. "No other instrument of writing shall be made an exhibit in the pleading." *Id.* The resume and report included in Appellant's designation of expert witness do not constitute permissible exhibits as outlined in the rules of civil procedure. As a result, the trial court did not err in failing to consider his expert designation. Appellant's issue is overruled.

Appellant also asserts that the trial court failed to issue findings of fact and conclusions of law. Yet, aside from pointing out that Appellant requested findings of fact and conclusions of law twice in his appellate brief, he cites no authority in support of the assertion that the trial court erred, nor any authority that supports a harm suffered as a result. Again, to present an issue for review, a brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint." *See*, *Dipprey*, 637 S.W.3d at 814. Accordingly, Appellant has waived this complaint for our review.

Nevertheless, even if Appellant's complaint were preserved, findings of fact and conclusions of law are not proper in this context. *See Strickland*, 665 S.W.3d at 743; *Harpole v. Rains Cnty. Appraisal Dist.*, No. 12-22-00221-CV, 2023 WL 3510829, at *6 (Tex. App.—Tyler May 17, 2023, no pet.); *cf. IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.3d 440, 441 (Tex. 1997) (holding that findings of fact and conclusions of law are not necessary or proper in a summary judgment proceeding). In a similar context, courts have held that findings of fact and conclusion of law are improper when a trial court grants summary judgment relief because, if summary judgment is proper, the case has not been "tried," therefore there are no facts to find, and the legal conclusions have been stated in the motion and the response. *See, e.g.*, *Kholaif v. Safi*, 636 S.W.3d 313, 318 (Tex. App—Houston [14th Dist.] 2021, pet. denied); *Gardner v. Abbott*, 414 S.W.3d 369, 380 (Tex. App.—Austin 2013, no pet.); *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 810 (Tex. App.—Dallas 2006, pet. denied) (citing *IKB*, 938 S.W.2d at 441); *see also Linwood v. NCNB Tex.*, 885 S.W.3d 102, 103 (Tex. 1994). The same is true for dismissal motions under Rule 91a. *See Harpole*, 2023 WL 3510829, at *6 ("Because the trial court decides a Rule 91a motion to dismiss based upon the pleading of the

causes of action, findings of fact and conclusions of law are neither required nor appropriate."). The court may not consider evidence and the allegations in the motion to dismiss must show the cause of action either has no basis in law or in fact, or both. *See* TEX. R. CIV. P. 91a. Even if Appellant had not waived the issue, because the trial court properly granted the Rule 91a motions to dismiss, findings of fact and conclusions of law are not required in this context. Appellant's issue regarding the trial court's failure to issue findings of fact and conclusions of law is overruled.

C. *Analysis—Rule 91a Attorney's Fees*

Appellant also claims that the trial court erred in granting the requested attorney's fees to Caddo and to Elm Creek and Hillman following the orders granting the Rule 91a motions to dismiss. Additionally, Appellant argues that the amount of each of the awards for attorney's fees were unreasonable and unnecessary.

The prevailing party on a Rule 91a motion *may* be awarded "all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court." TEX. R. CIV. P. 91a.7. Any award of such costs or fees must be based on evidence and is subject to the discretion of the trial court. *Id.* The amount of an award under Rule 91a may not be overturned, absent an abuse of discretion. *See Cypress Creek EMS v. Dolcefino*, 548 S.W.3d 673, 691 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). The trial court's discretion is governed by whether the requested attorney's fees are reasonable and necessary. *See, e.g., Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 496 (Tex. 2019). "Attorney's fees awarded under [Rule] 91a.7 are limited to those associated with [the] challenged cause of action, including fees for preparing or responding to the motion to dismiss." *Dolcefino*, 548 S.W.3d at 691 (quoting *Weizhong Zheng v. Vacation Network Inc.*, 468 S.W.3d 180, 188 (Tex. App.—Houston [14th Dist.] 2015, pet. denied)).

17

As relevant to this appeal, Caddo prevailed on two motions to dismiss and requested the trial court to award attorney's fees and costs incurred in connection with the challenged causes of action. Included in each application was a declaration from Caddo's lead counsel, Timothy Cleveland, and applicable invoices related to the work done. The unsworn declarations comported with the requirements of Texas Civil Practice and Remedies Code, Sections 132.001(c) and (d). TEX. CIV. PRAC. & REM. CODE ANN. §§ 132.001(c), (d) (West 2019). The declarations also included information about Cleveland's experience, as well as his evaluation of the types of services that were necessary and the factors important in determining reasonable rates for counsel working on this type of case. The invoices attached detail the service provided, the attorney who completed the work, the amount of time expended for the work, and the cost. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (detailing the factors a factfinder should consider in determining the reasonableness of a fee).

The trial court granted both of Caddo's applications for attorney's fees, awarding $19,616.50 for the first request and $14,422 for the second request. Although Appellant complains on appeal that the reasonableness of the hours are fact issues that should have been submitted to a jury, the language of the statute clearly reserves this determination for the trial court. *See* TEX. R. CIV. P. 91a.7 ("the *court* may award the prevailing party on the motion all costs and reasonably and necessary attorney's fees incurred" (emphasis added)). Appellant offered no evidence to rebut the calculation of the fees, or the awards granted by the trial court. The trial court relied on the evidence presented by the Caddo declarations and invoices, and we cannot say that the awards were unnecessary or unreasonable, or that it constituted an abuse of discretion by the trial court. As a result, all issues related to the grant and calculation of costs and attorney's fees as to Caddo are overruled.

Elm Creek and Hillman filed the Rule 91a motion to dismiss jointly, as well as their application for costs and attorney's fees following the grant of the motion to dismiss. Elm Creek and Hillman's application included a sworn affidavit from attorney Joe Drennan describing the reasonableness and necessity of the fees, as well as the applicable invoices related to the work done. Appellant filed an objection to the application for fees, and on appeal merely repeats the arguments alleged in his objection. Appellant complained that the attorney's fees were excessive and failed to disclose duplicitous billing between Hillman and Elm Creek. However, Appellant again failed to offer any evidence to rebut the calculation of the requested fees, or the awards granted by the trial court. The affidavit and invoice provided the trial court with the information required to determine what costs and attorney's fees were reasonable and necessary for the representation of Hillman and Elm Creek in the response to Appellant's petition and related Rule 91a motion to dismiss. We find no abuse of discretion on the part of the trial court. All issues related to the grant and calculation of costs and attorney's fees as to Hillman and Elm Creek are overruled.

D. *Analysis—Texas constitution*

Appellant argues on appeal that when the trial court granted the motions to dismiss, it deprived him of the right to open courts and to "a remedy by due course of law." Appellant also claims that the award of attorney's fees determined by the trial court violated his right to a trial by jury, as guaranteed in the Texas constitution.

1. *Article 1, Section 13—Open Courts*

The open courts provision of the Texas constitution provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. The open courts provision "assures that a person bringing a well-established common-law cause of action will not suffer unreasonable or arbitrary denial of access to the courts." *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778,

783 (Tex. 2007) (citing *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996)). "A statute has the effect of denying access to the courts if it unreasonably abridges a plaintiff's right to obtain redress for injuries caused by the wrongful acts of another." *Id.* (citing *Sax v. Votteler*, 648 S.W.2d 661, 665 (Tex. 1983)). "Proof of an open courts violation requires two elements: (1) a cognizable, common-law claim that is statutorily restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis." *Id.*

The open courts provision is implicated if the Legislature "withdraw[s] common-law remedies for well established common-law causes of action." *Lebohm v. City of Galveston*, 275 S.W.2d 951, 955 (Tex. 1955); accord *Methodist Healthcare Sys. v. Rankin*, 307 S.W.3d 283, 286 (Tex. 2010); *Trinity River Auth. v. URS Consultants, Inc.-Tex.*, 889 S.W.2d 259, 262 (Tex. 1994). Rule 91a does not facially violate the open courts provision of the Texas constitution. *See Guillory v. Seaton, LLC*, 470 S.W.3d 237, 244–46 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (the "fee-shifting" of Rule 91a poses no facial violation of the constitutional right to access the courts, nor does it pose any unreasonable financial barrier to access Texas courts.).

Here, the grant of Caddo's and Hillman and Elm Creek's Rule 91a motions to dismiss do not unreasonably abridge Appellant's right to either access the courts or to obtain redress for any alleged injuries. Appellant argues that, because Rule 91a requires an evaluation based on the petition itself—and prevents the review of additional evidence—it restricts access to the courts. However, the clerk's record shows that Appellant filed at least three amended petitions, which included claims against the defendants—the petition which was the basis for the first Rule 91a motion to dismiss granted on January 6, 2021, and the fifth and sixth amended petitions which followed. Appellant was able to continue to allege additional claims against Caddo as well as Elm Creek and Hillman, even after a motion to dismiss had

20

been granted. Further, Appellant has filed this appeal—much like with any motion to dismiss—and is able to obtain redress in the event the trial court erred in its grant of dismissal in favor of Caddo, Elm Creek, and Hillman.

Appellant also takes issue with the lack of explanation from the trial court in the orders dismissing the claims alleged in Appellant's fifth and sixth amended petitions. As discussed above, the review of a Rule 91a motion to dismiss is de novo and affords no deference to the trial court's ruling. *See Medina*, 627 S.W.3d at 628. Because the appellate court must also completely review the record and make its own determination, there is no need for a trial court to specify their reasons for granting a Rule 91a motion in order to comport with the open courts provision. *Guillory*, 470 S.W.3d at 246. Rule 91a does not facially violate the open courts provision. Appellant's issue is overruled.

2. *Article 1, Section 15—Jury Trial*

Appellant further argues that the dismissal under Rule 91a violated his right to a trial by jury, as protected under Article 1, Section 15 of the Texas constitution. However, Rule 248 of the Texas Rules of Civil Procedure directs the trial court to resolve pending matters "as far as practicable" before a jury trial commences. TEX. R. CIV. P. 248. Rulings under Rule 91a are statutorily confined to that of the trial court. *See id.* R. 91a (Where "the *court* . . . must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59" and "the *court* may award the prevailing party . . . all costs and reasonable and necessary attorney's fees.") (emphasis added). A constitutional right to a jury trial depends upon the existence of an issue of material fact. *Walden v. Affiliated Computer Servs., Inc.*, 97 S.W.3d 303, 323 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). A contract, including a deed, that (as Appellant has agreed) is not ambiguous is construed as a matter of law by the court, not by a jury. *See Barrow-Shaver Resources Company v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471,

21

479 (Tex. 2019) (citing *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 806 (Tex. 2012)). As a result, no fact issue existed for a jury to determine, and Appellant therefore did not have a constitutional right to a jury trial. Accordingly, Appellant was not denied the right to a jury trial in this matter. We overrule Appellant's issue.

*This Court's Ruling*

We affirm the judgments of the trial court.


W. BRUCE WILLIAMS

JUSTICE


August 31, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.