

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-15-00027-CV

CHARLOTTE L. PARKHURST, APPELLANT

V.

THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS AND THE COMPTROLLER
OF PUBLIC ACCOUNTS FOR THE STATE OF TEXAS, APPELLEES

On Appeal from the 53rd District Court
Travis County, Texas
Trial Court No. D-1-GN-14-004109, Honorable John K. Dietz, Presiding

December 8, 2015

OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Charlotte L. Parkhurst appeals an order dismissing her petition for a bill of review. Through that petition, she sought to negate a final summary judgment signed on July 1, 2010. That final summary judgment awarded the State of Texas and the City of Edgewood, Texas recovery for outstanding sales taxes. Parkhurst filed her petition for bill of review against the Texas Attorney General and Texas Comptroller of Public

Accounts on October 7, 2014.[1]  Thereafter, both the Attorney General and Comptroller moved to dismiss the petition under Texas Rule of Civil Procedure 91a.  The trial court granted that motion and entered the aforementioned dismissal order.  We affirm.

As explained in our recent opinion in *McClain v. Dell, Inc.*, No. 07-15-00141-CV, 2015 Tex. App. LEXIS 10049 (Tex. App.—Amarillo September 24, 2015, pet. filed), Texas Rule of Civil Procedure 91a sets forth a means of dismissing a baseless cause of action.  *Id.* at *7-8; *see* TEX. R. CIV. P. 91a (stating that ". . . a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact.").   A cause of action is baseless if the allegations (when accepted as true) and the reasonable inferences drawn from those allegations do not entitle the claimant to the relief sought.   *Id.* Furthermore, we review a trial court's ruling on a Rule 91a motion *de novo.  McClain v. Dell, Inc.*, 2015 Tex. App. LEXIS 10049, at *8; *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

The Rule 91a motion at bar contained several grounds purporting to illustrate that the petition for bill of review was baseless.  In granting that motion, the trial court did not specify upon what ground it relied, however.  We analogize this circumstance to one in which a party moves for summary judgment on various grounds and the trial court grants the motion without specifying the ground it deemed meritorious.  When the latter occurs, the party complaining of the judgment on appeal has the burden to prove that none of the grounds alleged in the motion support the trial court's decision.  *Willis v. Willoughby*, 202 S.W.3d 450, 452 (Tex. App.—Amarillo 2006, pet. denied); *accord*, *Manautou v. Ebby Halliday Real Estate, Inc.,* No. 15-13-01035-CV, 2015 Tex. App.

---

[1] Neither the "City of Edgewood" nor the "State of Texas" were named as a party despite the fact that they were the named judgment creditors of the July 1, 2010 decree.

LEXIS 1942, at *9 (Tex. App.—Dallas February 27, 2015, pet. denied) (stating that "[w]hen a party moves for summary judgment on multiple grounds and the trial court's order granting [it] does not specify the ground or grounds on which it was based, a party who appeals that order must negate all possible grounds upon which the order could have been based by either asserting a separate issue challenging each possible ground, or asserting a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds upon which summary judgment could have been granted."); *see also*, *Berger v. Flores*, No. 03-12-00415-CV, 2015 Tex. App. LEXIS 5969, at *11-12 (Tex. App.—Austin June 12, 2015, no pet.) (stating that "[i]f an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground.").  Given that an appellant generally has the burden to illustrate on appeal that the trial court erred, *Flores v. Arrieta*, 790 S.W.2d 75, 76 (Tex. App.—San Antonio 1990, no pet.), and that an appellate court cannot reverse a judgment in a civil matter on grounds the appellant failed to raise, *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236 (Tex. 2008), it is appropriate to impose upon an appellant attacking a dismissal under Rule 91a the same obligation as one attacking a summary judgment when the trial court fails to mention a particular ground on which it relied.  In each situation, he must negate the validity of each ground upon which the trial court could have relied.  If he fails to address any particular ground, "we must uphold the [order] on the unchallenged ground." *Berger v. Flores, supra.*

Though we question the viability of an attempt to set aside a judgment when one or all judgment creditors are not made parties to the effort, neither the Attorney General

3

nor the Comptroller addressed that below. Nevertheless, one of the grounds they did include in their motion involved limitations. That is, they argued that 1) the attempt to avoid the July 1, 2010 judgment was baseless since the suit was not brought within the applicable period of limitation, 2) the applicable period of limitations was four years, and 3) the petition was filed a bit over three months after the four years lapsed. *See PNS Stores, Inc. v. Rivera,* 379 S.W.3d 267, 275 (Tex. 2012) (stating that a "bill of review is an equitable proceeding to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or direct appeal [and] … must … be brought within four years of the rendition of the judgment"). Parkhurst did not address the viability of this ground on appeal. Consequently, she failed to illustrate that no ground urged within the motion to dismiss supported the trial court's decision, and we must uphold the decision on the unchallenged ground of limitations.[2]

Accordingly, we affirm the dismissal order of the trial court.


Brian Quinn
Chief Justice

---

[2] Indeed, the untimely nature of the petition, as depicted by the record before us, does pose an obstacle to Parkhurst's attempt to nullify the July 2010 judgment if the edict in *PNS Stores* is to be heeded. Yet, because Parkhurst did not raise the issue, we do not decide whether a potential affirmative defense, such as limitations, would necessarily render a proceeding as lacking "basis in law and fact" for purposes of Texas Rule of Civil Procedure 91a.