# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-15-00513-CV

**Elwyn D. Shumway, Appellant**

**v.**

**Whispering Hills of Comal County Texas Property Owners Association, Inc., Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. C2015-0215A, HONORABLE DIB WALDRIP, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Elwyn D. Shumway appeals from the trial court's grant of the motion to dismiss filed under Texas Rule of Civil Procedure 91a by Whispering Hills of Comal County Texas Property Owners Association, Inc. (the Association). *See* Tex. R. Civ. P. 91a.1 (providing that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact"). We will affirm the trial court's order.

Shumway owns two lots in the Whispering Hills Subdivision.[1] The developer intended that these lots could be used for either residential or commercial purposes, and the lots were advertised and sold as commercial property. Shumway also intended that the lots be used for commercial purposes when he purchased them.

---

[1] The facts recited herein are taken from Shumway's trial-court pleadings and the exhibits attached to them. We will take the allegations Shumway makes in his pleadings and exhibits as true. *See* Tex. R. Civ. P. 91a.1.

However, the deed restrictions attached to Shumway's warranty deed, which was recorded in October 1984, include the following: "All tracts shall be used solely for residential purposes, except tracts designated for business purposes . . . ." Shumway's contract for deed includes a similar restriction: "The property herein described shall be used solely for new residential purposes. All other tracts shall be used solely for residential purposes, except tracts designated on the subdivision plat for business purposes . . . ." No designations were made on the subdivision plat.

In 2014, Shumway asked the Association to agree that his property could be used for either residential or commercial purposes. The Association replied that, pursuant to the deed restrictions, Shumway's lots could only be used for residential purposes. Shumway filed this suit in February 2015 asking the trial court to declare that his lots could be used for either residential or commercial purposes.

The Association filed a motion to dismiss raising two grounds for dismissal. First, the Association argued that Shumway's own pleadings and exhibits, taken as true, establish that Shumway's lots could not be used for commercial purposes because the deed and contract for deed expressly limit the use to residential purposes unless the lots were designated for business purposes on the subdivision plat—which they were not, by Shumway's own admission. *See id.* ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."). Second, the Association argued that Shumway's pleadings and exhibits establish that the statute of limitations bars Shumway's claim because more than four years has passed since the dispute over the lots arose between Shumway and the Association.

2

After allowing Shumway to amend his pleadings and holding a second hearing, the trial court signed an order granting the Association's motion to dismiss and ordering that Shumway take nothing, that Shumway pay the Association $3,375 in attorney's fees, *see id.* R. 91a.7 (providing that "the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court"), and that Shumway would bear all costs of court. The order does not specify the ground or grounds on which the court granted the motion.

In four issues on appeal, Shumway contends that the trial court erred in granting the motion to dismiss on the ground of limitations.[2] Shumway states in his appellate brief, "The Presiding Judge was specific that he ruled to dismiss the case because the statute of limitations has run . . . . As a result, this appeal only addresses matters pertaining to limitations." Shumway cites to the reporter's record of the second hearing, at which the trial court orally announced, "I'm ruling that the statute of limitations has run."

However, as noted above, the trial court's order does not specify the court's reasons for granting the motion. The court's written order controls, and we must therefore proceed as though the court did not specify the grounds on which it ruled. *See HB Turbo, L.P. v. Turbonetics Eng'g & Servs.*, No. 13-06-00083-CV, 2007 WL 1629949, at *2 (Tex. App.—Corpus Christi June 7, 2007, pet. denied) (mem. op.) ("Were we to remove HB's burden of attacking each of the possible grounds

---

[2] Shumway represented himself in the trial court and on appeal. We note that, while we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To do otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. *See id.* at 185.

3

for granting summary judgment by simply referencing the trial court's oral pronouncements at the summary judgment hearing and the hearing on HB's motion for reconsideration, and assume that the trial court could not have granted summary judgment on the other grounds, we would effectively be placing ourselves in the role of the trial court in ruling on the motion for summary judgment.") (internal quotation marks omitted); *Hyperion Holdings, Inc. v. Texas Dep't of Hous. & Cmty. Affairs*, No. 03-05-00563-CV, 2006 WL 367141, at *3 (Tex. App.—Austin Feb. 16, 2006, no pet.) (mem. op.) ("Although the district court's initial, oral ruling was based on the 30-day limitations issue, its subsequent, written order did not specify a ground for the denial. A district court's written judgment or order controls over its oral pronouncement.") (citation omitted); *Bush v. Coleman Powermate, Inc.*, No. 03-04-00196-CV, 2005 WL 1241075, at *8 (Tex. App.—Austin May 26, 2005, no pet.) (mem. op.) ("The finding in the e-mail 'order' is not binding. It is not the formal order granting summary judgment to which we must look for the court's reasons for ruling."); *Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d 420, 426 (Tex. App.—Texarkana 2002, no pet.) ("We are constrained, however, to look only to the order granting summary judgment to determine the trial court's reasons for ruling. That rule has a fairly sound policy basis in that it gives litigants and appellate courts a single place to look to determine why the trial court granted summary judgment.") (citation omitted).

As one of our sister courts has explained, when the trial court does not specify upon what ground it relied, a party appealing the grant of a motion to dismiss under Rule 91a must challenge every ground upon which the trial court could have granted the motion:

> Given that an appellant generally has the burden to illustrate on appeal that the trial court erred, and that an appellate court cannot reverse a judgment in a civil matter on grounds the appellant failed to raise, it is appropriate to impose upon an appellant attacking a dismissal under Rule 91a the same obligation as one attacking a summary

4

judgment when the trial court fails to mention a particular ground on which it relied. In each situation, he must negate the validity of each ground upon which the trial court could have relied. If he fails to address any particular ground, we must uphold the [order] on the unchallenged ground."

*Parkhurst v. Office of Attorney Gen. of Tex.*, 481 S.W.3d 400, 402 (Tex. App.—Amarillo 2015, no pet.) (citations and internal quotation marks omitted); *see Blizzard v. Select Portfolio Servicing*, No. 03-13-00716-CV, 2015 WL 5096710, at *4 (Tex. App.—Austin Aug. 27, 2015, no pet.) (mem. op.) ("If the appellant does not challenge each possible ground for summary judgment, we must uphold the summary judgment on the unchallenged ground.") (citing *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 875 (Tex. App.—Dallas 2005, no pet.)).

Although Shumway argues on appeal that the trial court should not have granted the motion to dismiss on the ground of limitations, he does not challenge the motion's other ground—that Shumway's pleadings demonstrate that Shumway is not entitled to the relief he seeks because they conclusively establish that his lots are restricted solely to residential use.[3] *See Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (noting that cause of action has no basis in law under Rule 91a if "the petition alleges additional facts that, if true, bar recovery"). Because Shumway has not challenged every ground upon which the trial court could have relied when granting the motion to dismiss, we must affirm the trial court's decision on the unchallenged ground. *See Parkhurst*, 481 S.W.3d at 402; *Blizzard*, 2015 WL 5096710, at *4.

---

[3] The Association does address this other ground in its appellate brief, arguing, "In all three pleadings, Appellant states that the recorded plat does not designate his tracts for business purposes. Given that no document states that the property may be used for business purposes, Appellant cannot receive the relief that he sought—a declaration that he has the right to use the property for business purposes. Thus, the trial court did not err when granting the Motion to Dismiss." (citations omitted).

5

## CONCLUSION

We affirm the trial court's order granting the Association's motion to dismiss.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   August 16, 2016