# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00484-CV

---

**Demetrius T. Crockett, Appellant**

**v.**

**Jesus M. Salinas, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-24-000903, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Demetrius T. Crockett appeals from the trial court's order granting appellee Jesus M. Salinas's Rule 91a motion to dismiss and for sanctions. *See* Tex. R. Civ. P. 91a.1. By several issues that we interpret as one, Crockett contends that the trial court's order was erroneous, as Salinas's conduct is prohibited by law and is not protected by "absolute immunity." We affirm.

## I.     BACKGROUND

On February 13, 2024, Crockett filed suit against Salinas, an assistant federal public defender. According to Crockett's petition, Salinas was "well aware of" certain illegal activity undertaken by an individual named "Raul Garcia," whom Crockett alleged "is wreaking absolute havoc on the lives, health and mental wellbeing of local and State of Texas residents." Crockett further alleged that Salinas failed to report Garcia's illegal activity to law enforcement,

and that this failure constituted a "conspiracy to commit fraud" and was "negligent and reckless." Attached to Crockett's petition were screenshots of emails and text messages that Crockett represented were sent to Salinas and that indicated Crockett's concern for a third party's[1] well-being.

On April 22, Salinas, representing himself, filed an answer and special exceptions. On May 28, Salinas filed a Rule 91a motion to dismiss, motion for sanctions, and request for hearing. Salinas's motion argued that Crockett's claims must be dismissed, as: (1) Texas law does not recognize a civil cause of action for failing to report criminal activity; (2) Crockett failed to plead facts supporting the essential elements of his asserted causes of action; (3) the relevant statutes of limitations barred Crockett's claims; and (4) Crockett lacked standing and legal capacity to bring his claims.

On July 1, Crockett filed an amended petition that was identical in substance to his original petition. However, the amended petition was not accompanied by any exhibits. He also filed a notice of nonsuit without prejudice. That same day, the trial court signed an order granting Salinas's Rule 91a motion to dismiss. It also found that Crockett "presented his pleading for an improper purpose and to harass" Salinas and ordered Crockett to pay $5,000 to the court's registry as a penalty. This appeal followed.

## II.    RULE 91a MOTION TO DISMISS

By his sole issue on appeal, Crockett argues that the trial court erred by granting Salinas's motion to dismiss and for sanctions because: (1) absolute immunity does not shield Salinas from liability, and (2) Salinas's failure to report criminal activity is prohibited by law.

---

[1] We glean from the record that this third party is an individual related to but estranged from both parties.

## A.    Standard of Review & Applicable Law

Rule 91a permits a party to move for dismissal on the ground that a cause of action has no basis in law or fact. Tex. R. Civ. P. 91a. "We review the merits of a Rule 91a motion *de novo* because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). In ruling on a Rule 91a motion to dismiss, a court may not consider evidence but must decide the motion based solely on the pleading of the cause of action, together with any permitted pleading exhibits. *Office of Att'y Gen. of Tex. v. Brickman*, 636 S.W.3d 659, 664 (Tex. App.—Austin 2021, pet. denied).

"To survive a Rule 91a motion, a plaintiff's pleadings must include the 'essential factual allegations supporting [the] claims,' and those allegations 'must be sufficient to support a judgment if ultimately proven.'" *In re Oncor Elec. Delivery Co.*, 716 S.W.3d 525, 532 (Tex. 2025) (orig. proceeding) (quoting *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 661 (Tex. 2023) (orig. proceeding)). Thus, a Rule 91a dismissal is appropriate in two circumstances: (1) the plaintiff's petition alleges too few facts to demonstrate a viable, legally cognizable right to relief; or (2) the petition alleges additional facts that, if true, bar recovery. *City of Houston v. State Farm Mut. Auto. Ins. Co.*, 712 S.W.3d 707, 713 (Tex. App.—Houston [14th Dist.] 2025, no pet.). "In short, the plaintiff must plead sufficient facts to supply a legal basis for his claim but not so much that he affirmatively negates his right to relief." *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). "In conducting our review, . . . we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of

action has a basis in law or fact." *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

**B.      Analysis**

Interpreting his petition liberally, as we must, Crockett alleged that Salinas failed to report Garcia's criminal activity to law enforcement, and this resulted in harm to Crockett and others. *See In re First Rsrv. Mgmt.*, 671 S.W.3d at 662 ("cause of action" refers to "fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief" (citing *Kinder Morgan SACROC, LP v. Scurry County*, 622 S.W.3d 835, 849 (Tex. 2021))). The trial court's order simply states, "Plaintiff's claims are groundless and have no basis in law or fact." "If an order granting a Rule 91a motion does not specify the grounds for dismissal, a party appealing the order must challenge every ground upon which the trial court could have granted the motion." *Estate of Savana*, 529 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (first citing *Parkhurst v. Office of Att'y Gen. of Tex.*, 481 S.W.3d 400, 402 (Tex. App.—Amarillo 2015, no pet.); and then citing *Shumway v. Whispering Hills of Comal Cnty. Tex. Prop. Owners Ass'n*, No. 03-15-00513-CV, 2016 WL 4429939, at *2 (Tex. App.—Austin Aug. 16, 2016, pet. denied) (mem. op.)).

Crockett generally attacks the trial court's order on two bases. First, Crockett argues that assistant federal public defenders "do not enjoy absolute immunity in all circumstances." However, the issue of immunity from suit was not raised as a potential ground for dismissal below. *See* Tex. R. App. P. 44.1(a) (providing that civil judgments will not be reversed on appeal unless error complained of "probably caused the rendition of an improper judgment").

Second, he cites various state and federal laws and rules of professional conduct, none of which were raised as potential grounds for recovery below, and contends that Crockett's actions constitute a violation of those rules and statutes. Crockett's brief can be liberally construed as arguing that Texas law recognizes that the failure to report criminal activity can give rise to a viable cause of action. But we need not address whether this assertion is valid, as Crockett has wholly failed to address the other arguments raised by Salinas's motion. Specifically, Crockett does not address: (1) his standing or capacity to sue; (2) whether he pleaded sufficient facts to address the essential elements of his claims; or (3) whether his claims are barred by the relevant statute of limitations.

Because Crockett does not challenge all grounds upon which the trial court could have relied when granting the motion to dismiss and for sanctions, we must affirm the trial court's order. *See Davis v. Homeowners of Am. Ins. Co.*, 700 S.W.3d 837, 842 (Tex. App.—Dallas 2023, no pet.); *Shumway*, 2016 WL 4429939, at *3 ("Because Shumway has not challenged every ground upon which the trial court could have relied when granting the motion to dismiss, we must affirm the trial court's decision on the unchallenged ground."). Accordingly, we overrule Crockett's sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's order of dismissal and for sanctions.

5

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed:   August 28, 2025